FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 03 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

-against-

S&S LOUNGE, INC. d/b/a G-BAR
and ROBERT M. SPRINGER,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM and ORDER**
10-CV-5627 (SLT) (JMA)

**TOWNES, United States District Judge:**

      In December 2010, plaintiff, J&J Sports Productions, Inc., commenced this action pursuant to two sections of the Federal Communications Act of 1934, 47 U.S.C. §§ 553 and 605, alleging that it contracted to retain exclusive license to exhibit the telecast of a boxing event ("the Event"), and that defendants Robert M. Springer and S&S Lounge, Inc. ("S&S"), d/b/a G-Bar, exhibited the Event to patrons without authorization at their establishment at 1446 Broadway, Brooklyn. (Docket No. 1 at 2, 4-5.) On January 19, 2010, Mr. Springer, acting *pro se*, responded to plaintiff's complaint by filing a "Verified Motion to Dismiss" on behalf of himself and S&S. (Docket No. 4.)

      Although this Court recognizes "that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis in *Triestman* omitted), the Verified Motion to Dismiss does not appear to fit within any of the categories set forth in Rule 12(b)(1) - (5) of the Federal Rules of Civil Procedure. It does not allege a lack of subject-matter or personal jurisdiction, suggest that venue is improper, or take issue with the service of process.

The Verified Motion to Dismiss could be construed as a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, in considering a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006). Moreover, "[w]hen determining the sufficiency of plaintiff['s] claim . . . , consideration is limited to the factual allegations in plaintiff['s] . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)).

Mr. Springer's motion does not accept plaintiff's factual allegations as true. Rather, the Verified Motion to Dismiss specifically denies many of these allegations and attaches exhibits in an effort to establish that defendant S&S was evicted from 1446 Broadway, Brooklyn, more than 15 months prior to the Event, and that Mr. Springer moved to Florida a full 14 months prior to the Event.

If this Court were to construe the Verified Motion to Dismiss as a motion to dismiss pursuant to Rule 12(b)(6), it would have to be converted into a motion for summary judgment pursuant to Rule 12(d). However, because plaintiff has yet to have the opportunity to conduct any discovery whatsoever, this Court declines to convert the Verified Motion to Dismiss into a motion for summary judgment at this juncture. Instead, this Court directs Mr. Springer to either (1) amend his motion to

advance one or more of the other defenses set forth in Rule 12(b) of the Federal Rules of Civil Procedure or (2) answer the complaint.

Regardless of whether Mr. Springer elects to amend his motion or to answer the complaint, he is advised that he, as a lay person, may not represent S&S. *U.S. ex rel Mergent Svcs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("It is well established that a layman may not represent a corporation even if the sole shareholder.") (citations omitted); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (citations omitted). Mr. Springer may act solely on his own behalf. Accordingly, if S&S is still active and has any assets, that corporation will have to retain counsel if it wishes to defend this action.

If Mr. Springer chooses to amend his motion to dismiss, he should be mindful that this Court will accept all of the factual allegations in plaintiff's complaint as true and cannot consider any evidence or factual allegations that are not found within plaintiff's complaint. *See Ofori-Tenkorang*, 460 F.3d at 298. If Mr. Springer chooses to file an answer, it must include: "(A) state[ment] in short and plain terms [of his] defenses to each claim asserted against [him]; and (B) admit or deny the allegations asserted against [him] by [plaintiff]." Fed. R. Civ. P. 8(b)(1). In addition, Mr. Springer's answer must set out any affirmative defenses that he may wish to raise. *See* Fed. R. Civ. P. 8(c).

## CONCLUSION

For the reasons set forth above, defendant Springer must either amend his motion to dismiss or file an answer to plaintiff's complaint on or before March 30, 2011. Since Mr. Springer can only file a motion or answer on his own behalf, defendant S&S Lounge, Inc., must retain counsel if it wishes to defend this action. S&S Lounge's time to answer or move to dismiss the complaint is extended to March 30, 2011. If either defendant fails to move or answer

within the time allotted, a default may be entered with respect to that party upon motion of plaintiff. If Mr. Springer has any procedural questions concerning the preparation of his motion or answer, he may contact the Pro Se Office by visiting the Clerk's Office at this Courthouse or by calling 718-613-2665.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: February 2, 2011
Brooklyn, New York